IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FAY COLE,

    Plaintiff,

v.                                       Civil Action No. PX 17-0039

FAMILY DOLLAR, INC. et al.,

    Defendants.

******

**MEMORANDUM OPINION**

Pending is Plaintiff Fay Cole's consent motion for order to show cause. The issues are fully briefed and the Court now rules pursuant to Local Rule 105.6 because no hearing is necessary. For the reasons stated below, the motion is granted.

**I.    BACKGROUND**

On February 10, 2017, Plaintiff Fay Cole ("Plaintiff") filed a Complaint against Defendants Family Dollar, Inc. and Family Dollar Stores of Maryland, Inc., *see* ECF No. 1, and an Amended Complaint on June 6, 2017. *See* ECF No. 17. The Amended Complaint states that Defendant sent a then-current employee, Marsha Walker, to respond to an internal complaint of discrimination that Plaintiff filed with human resources. Walker met with Plaintiff to discuss her complaint but ultimately decided not to take any action in response. *See* ECF No. 17 at 4–5. Defendant responded to the interrogatories propounded by Plaintiff and identified Walker as someone with information that pertains to his case. *See* ECF No. 24-1 at 2.

On July 24, 2017, Plaintiff's counsel subpoenaed Walker to attend a deposition scheduled for August 30, 2017. Walker failed to appear. Plaintiff, with Defendants' consent, then filed a

1

motion pursuant to Rule 45 of the Federal Rules of Civil Procedure to show cause why she should not be held in contempt for failing to appear at her scheduled deposition. *See* ECF No. 24.

II. **ANALYSIS**

Rule 45(g) of the Federal Rules of Civil Procedure provides that a court "may hold in contempt a person who, having been served [a subpoena], fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). Rule 45(a) requires that a subpoena (i) state the name of the court from which it has been issued; (ii) state the title of the action and the civil-action number; (iii) command attendance, production, or inspection and specify the time and place for doing so; and (iv) contain the text of subdivisions 45(d) and 45(e), which address the protection of persons subject to the subpoena and the duties in responding. *See* Fed. R. Civ. P. 45(a).

Proper service of a subpoena requires delivering a copy to the named person and, if the subpoena necessitates the witness's attendance, tendering the fees for one day's attendance and the mileage allowed by law is required. Fed. R. Civ. P. 45(b)(1). Unless otherwise ordered by the Court or agreed on by the parties, fourteen days' advance notice of a deposition is reasonable within the meaning of Fed. R. Civ. P. 30(b)(1). *See* Local Rule App'x A, Guideline 9(b) (D. Md. July 2016).

Plaintiff's subpoena to Walker satisfied the requirements enumerated in Rule 45. *See* ECF No. 24-2. The subpoena specified the Court from which it was issued, the title of the civil action, the time and place of the deposition, and it included the language setting forth the protection of persons subject to subpoenas and duties in responding to a subpoena. *See id.* The process server also handed Walker a letter that included contact information for Plaintiff's counsel and an offer to answer any questions. A check for $50 accompanied the subpoena to

cover attendance and mileage. Finally, the subpoena was personally served on Walker approximately five weeks in advance of the scheduled deposition.

On a timely motion, a subpoena must be quashed or modified by the court if it: (i) fails to allow a reasonably time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires the disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden. Fed. R. Civ. P. 45(d). An individual who fails to modify, quash, or otherwise provide good cause for failing to cooperate with a subpoena may be ordered to appear before the Court to provide adequate excuse for why he should not be found in contempt of Court for failure to comply. Fed. R. Civ. P. 45(g); *see United States v. Bigwitch*, 1990 WL 168183, at *1 (4th Cir. Nov. 5, 1990).

Walker has not filed a motion to quash or modify the subpoena. Absent a timely motion to quash or modify or an assertion of privilege, the Court may exercise its discretion and direct Walker to appear before the Court to provide adequate excuse for his failure to comply with the subpoena. *Cf. Dunkin' Donuts, Inc. v. Three Rivers Entm't And Travel*, 42 F. App'x 573, 575 (4th Cir. 2002) ("As a general principle, it has been observed that '[a]lthough there are no specific procedural steps to follow in civil contempt proceedings, due process requires that the [alleged contemnor] be given the opportunity to be heard at a 'meaningful time and in a meaningful manner.'" (quoting *Fisher v. Marubeni Cotton Corp.*, 526 F.2d 1338, 1343 (8th Cir. 1975)). Accordingly, absent an adequate excuse from Walker the Court will enforce the subpoena and reserves the right to hold Walker in contempt for failure to obey a court order.

## III. CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's consent motion and directs non-party witness Marsha Walker to appear before the Court to show cause for why she should not be held in contempt for her failure to appear at a deposition on August 30, 2017.

9/18/2017  /S/
Date  Paula Xinis
United States District Judge

4