IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FAY COLE, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX-17-0393 |
| FAMILY DOLLAR STORES OF MARYLAND, INC., | * | |
| Defendant. | * | |

******

## MEMORANDUM OPINION

Pending before the Court in this employment discrimination action is Defendant's Motion for Summary Judgment. ECF No. 44. The matter has been fully briefed, and no hearing is necessary. *See* D. Md. Loc. R. 105.6. Upon consideration of the parties' arguments, the Court GRANTS Defendant's Motion for Summary Judgment.

### I. BACKGROUND

On October 4, 2012, Defendant Family Dollar, Inc. ("Family Dollar") hired Plaintiff Fay Cole as a cashier at the Family Dollar store located at 4848 Addison Road South, Capitol Heights, Maryland. ECF No. 17 ¶ 5. Cole suffers from a psychiatric condition and from arthritis in her back and knees. ECF No. 17 ¶ 6. Prior to her hiring, Cole was interviewed by the store's manager, a woman whose name she cannot remember. ECF No. 17 ¶ 7; ECF No. 45 at 5–6 (Cole Dep. 72:20–73:2). Although Cole did not discuss her medical conditions with the manager during the interview, she wore a brace on her knee to the meeting. ECF No. 45 at 6 (Cole Dep. 73:3–17). At some point after she was hired, Cole discussed her psychiatric condition with the unnamed manager, and was given medical leave for a hospitalization. ECF

1

No. 45 at 6–7 (Cole Dep. 73:18–74:10). Cole did not work during her hospitalization, which lasted from November 1, 2012, until November 20, 2012. ECF No. 45 at 22–12 (Cole Dep. 82:19–83:8).

On or about November 4, 2012, during Cole's hospital stay, Family Dollar assigned Tiffanii Thompson to be the store manager for the Capitol Heights location. ECF No. 44-6 at 3 (Neely Aff. ¶ 8). Cole stated that, after she returned to work, Thompson made disparaging remarks about Cole's age. ECF No. 52-1 at 5 (Cole Dec. ¶ 8). Cole also stated that Thompson spoke about her desire to hire younger workers, and that instead of assigning Cole additional work hours when Cole requested them, Thompson hired a younger employee and then cut Cole's hours. ECF No. 52-1 at 5 (Cole Dec. ¶ 8).

Cole reported Thompson's comments to a district manager, Marsha Walker, and subsequently complained to Family Dollar's Human Resources department in early January 2013. ECF No. 52-1 at 5 (Cole Dec. ¶ 9). After Cole complained, Walker held a meeting with Cole and Thompson, during which Walker "scolded" Cole for her complaint, but took no action to remedy Cole's concerns. ECF No. 52-1 at 5 (Cole Dec. ¶ 10). As a result of her complaint, Cole contends that Thompson retaliated against her by not assigning Cole shift hours and then by terminating her employment on January 21, 2013. *See* ECF No. 45 at 34 (Cole Dep. 176:7–10).

Family Dollar contends that Thompson did not reduce Cole's hours, but rather increased them as Cole requested. Family Dollar further contends that Cole was fired for excessive absences from work, specifically six unexcused absences in the two months after she returned in late November, the final two of which occurred on January 18 and 19, 2013.[1] The Family Dollar

---

[1] Cole disputes that she was scheduled to work on January 18 and 19, 2013. Cole bases this contention on apparently incomplete information; the record—including audited timekeeping records submitted by Family Dollar—supports that Cole was in fact scheduled to work both days. *See* ECF No. 44-6 ¶¶ 6, 7; ECF No. 56-2 at 7,

attendance policy, as memorialized in the employee handbook, requires that an employee "speak with his/her Manager daily if for any reason he/she is going to be late or absent." ECF No. 45 at 44. Cole was aware of this requirement. ECF No. 45 at 8–9 (Cole Dep. 75:19–76:6). It is also Family Dollar policy that an employee may be fired for a single unexcused absence from work. ECF No. 44-4 at 9 (Family Dollar Dep. 57:2–8).

The record reflects that Thompson fired twelve employees for absenteeism in the approximately one year she spent as manager of the Capitol Heights store, including Cole. ECF No. 44-6 at 3 (Neely Aff. ¶ 8). Of the employees fired, nine were under the age of 40 and three, including Cole, were over the age of 40. ECF No. 44-6 at 3 (Neely Aff. ¶ 8). Of those twelve fired employees, Cole was the only employee who requested an accommodation[2] or who complained of discriminatory treatment. *See* ECF No. 44-6 at 4 (Neely Aff. ¶ 9).

On February 14, 2013, Cole filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). ECF No. 44-7. Cole subsequently filed suit in this Court, alleging age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 623 *et seq.* ("ADEA") and analogous provisions of the Prince George's County Code (Counts I & II), and disability discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* ("ADA") and the Prince George's County Code (Counts III & IV). *See* ECF No. 17. Family Dollar moves for summary judgment on all counts. ECF No. 44. For the following reasons, the Court grants Family Dollar's motion.

---

44, 45, 52. Thus the Court does not credit Cole's contention regarding these shifts because it is "blatantly contradicted by the record." *See Scott v. Harris*, 550 U.S. 372, 380 (2007).

[2] Family Dollar disputes whether Cole requested accommodations. This factual dispute is immaterial to the summary judgment analysis.

3

## II. STANDARD OF REVIEW

Summary judgment is appropriate when the Court, construing all evidence and drawing all reasonable inferences in the light most favorable to the non-moving party, finds no genuine dispute exists as to any material fact, thereby entitling the movant to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see In re Family Dollar FLSA Litig.*, 637 F.3d 508, 512 (4th Cir. 2011). Summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "In responding to a proper motion for summary judgment," the opposing party "must present evidence of specific facts from which the finder of fact could reasonably find for him or her." *Venugopal v. Shire Labs.*, 334 F. Supp. 2d 835, 840 (D. Md. 2004), *aff'd sub nom. Venugopal v. Shire Labs., Inc.*, 134 F. App'x 627 (4th Cir. 2005) (citing *Anderson v. Liberty Lobby,* 477 U.S. 242, 252 (1986); *Celotex*, 477 U.S. at 322–23)). The "mere existence of a scintilla of evidence in support" of the party opposing summary judgment is insufficient to defeat the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Genuine disputes of material fact are not created "through mere speculation or the building of one inference upon another." *Othentec Ltd. v. Phelan*, 526 F.3d 135, 140 (4th Cir. 2008) (quoting *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985)). Where a party's statement of a fact is "blatantly contradicted by the record, so that no reasonable jury could believe it," the Court credits the record. *See Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III. DISCUSSION

#### A. Claims Under the Prince George's County Code

As an initial matter, Family Dollar contends that Cole's claims brought pursuant to the Prince George's County Code are time-barred. The Court agrees. Such claims must be filed in court within two years of the alleged discriminatory act. Md. Code, State Gov't § 20–1202(c)(1); *see Olawole v. ActioNet, Inc.*, 258 F. Supp. 3d 694, 707 (E.D. Va. 2017). It is undisputed that Cole's relationship with Family Dollar ended on the date of her termination: January 21, 2013. Therefore, any action related to Cole's case must have been filed by January 21, 2015. Cole did not bring this action until February 10, 2017—more than four years after the termination of her employment. *See* ECF No. 1. Accordingly, all claims involving violations of the Prince George's County Code are time-barred.

Cole urges this Court to find her claims are equitably tolled. ECF No. 56 at 32. Cole is "entitled to equitable tolling only if [s]he shows (1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (internal quotation marks omitted).

Cole states that she diligently pursued her rights by filing her complaint with the EEOC. ECF No. 56 at 32. While it may be true that Cole "did not sleep on her charge" in regard to her EEOC complaint, the state claims are a different matter. Limitations bars relief even when a plaintiff is awaiting the result of an administrative decision. *Olawole*, 258 F. Supp. 3d at 707; *see Ward v. STG Int'l, Inc.*, No. PWG-14-4040, 2016 WL 3257823, at *6 n.5 (D. Md. June 14, 2016) (noting no basis for tolling due to administrative filings); *Westmoreland v. Prince George's Cty.*, No. TDC-14-821, 2015 WL 996752, at *13 (D. Md. March 4, 2015) (no

provision in the Maryland Fair Employment Practices Act tolls the statute of limitations during the administrative process). Thus, Cole fails to meet the first prong for equitable tolling.

Cole also cannot demonstrate that extraordinary circumstances suspend the limitations period. Although Cole's initial pro se status, illness, and loss of housing in the six months following her termination from Family Dollar are all undoubted actual impediments to pursuing a claim, ECF No. 52 at 32–33, they do not justify equitable tolling. "Equitable tolling is typically reserved for situations when the claimant has diligently pursued her judicial remedies by filing a pleading, albeit defective, during the statutory period or where the claimant's failure to timely file was induced by her adversary's misconduct." *Davis v. Montgomery Cty. Dep't of Trasp.*, Civil No. JFM-11-2637, 2012 WL 748392, at *6 (D. Md. March 6, 2012) (citing *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 90 (1990)). "When an employee is generally aware of her rights, ignorance of specific legal rights or failure to seek legal advice should not toll the limitation period." *Id.* at *7 (quoting *McClinton v. Alabama By-Prods. Corp.*, 743 F.2d 1483, 1486 (11th Cir.1984) (marks omitted). "Principles of equitable tolling do not extend to garden variety claims of excusable neglect." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).

Here, Cole filed her discrimination claim with the EEOC within a month of her firing. *See* ECF No. 44-7. Accordingly, she demonstrated a general awareness of her rights, but chose not to pursue her state claims in parallel to her EEOC administrative complaint. Moreover, no record evidence supports that Family Dollar induced Cole—through misconduct or otherwise—to miss her filing deadline. Cole also readily admits that she was attentive to the status of her EEOC claim, even while experiencing personal hardships. ECF No. 52 at 32.

That leaves open the significance of Cole's mental illness. "Equitable tolling is appropriate only in exceptional circumstances of profound mental incapacity." *Vinson v.*

6

*Hershberger*, No. DKC-09-2271, 2010 WL 458480, at *2 (D. Md. February 3, 2010) (citing *United States v. Sosa*, 364 F.3d 507, 513 (4th Cir. 2004)); *see also Arbas v. Nicholson*, 403 F.3d 1379, 1381 (Fed. Cir. 2005) (equitable tolling for mental illness is appropriate if the infirmity rendered the party incapable of rational thought or deliberate decision-making, or rendered the party incapable of handling his own affairs or unable to function in society). "A mental condition that burdens but does not prevent" timely filing "does not amount to an extraordinary circumstance warranting equitable tolling." *Vinson*, 2010 WL 458480, at *2. Without discounting Cole's hardships, the Court notes no further stays in the hospital after November 2012 or any other incidents that may have prevented Cole from filing her complaint. Cole also timely filed her EEOC complaint and followed its progress diligently. Cole's challenges do not rise to the level sufficient to trigger the exception. *See CVLR Performance Horses, Inc. v. Wynne*, 792 F.3d 469, 476 (4th Cir. 2015) (equitable tolling is an extraordinary remedy reserved for rare instances where enforcement of the limitation period would be unconscionable and gross injustice would result). Accordingly, Cole's claims invoking the Prince George's County Code are time-barred, and to the extent Cole seeks recovery under the Code in Counts I–IV of her Amended Complaint, summary judgment is granted in Family Dollar's favor.

### B. ADA and ADEA Claims

The Court next turns to Cole's disability claims brought under the ADA, and her age discrimination claims under the ADEA.

#### 1. Exhaustion

Briefly, the Court notes that the parties dispute whether Cole properly exhausted her claims. Exhaustion by filing a charge with the EEOC is a necessary prerequisite to pursuing claims in this Court. *Balas v. Huntington Ingalls Indus., Inc.*, 711 F. 3d 401, 406 (4th Cir. 2013).

Where the plaintiff has failed to exhaust administrative remedies, this Court lacks subject matter jurisdiction over the claims. *See Brown v. Target, Inc.*, No. 14-00950, 2015 WL 2452617, at *5 (D. Md. May 20, 2016) (internal quotations omitted). The Court "may only consider those allegations included in the EEOC charge." *Balas*, 711 F. 3d at 407. That said, because "EEOC charges often are not completed by lawyers," the charges "must be construed with utmost liberality." *Brown*, 2015 WL 2452617, at *5 (quoting *Balas*, 711 F. 3d at 408) (internal quotation marks omitted).

In her EEOC charge, Cole marked the boxes for "age," "disability," and "retaliation." ECF No. 44-7. Cole alleges that her hours were reduced and given to a younger employee, and that she was fired in retaliation for complaining to Walker. *See* ECF No. 44-7. Although Cole does not mention her mental illness in particular, the Court can conclude that claims premised on Cole's mental illness are reasonably related to the EEOC charge and would be expected to follow from an administrative investigation. *See Smith v. First Union Nat. Bank*, 202 F. 3d 234, 247 (4th Cir. 2000). This is of no great moment, however, because Cole's claims fail on the merits.

### 2. Discriminatory Discharge (Counts II & IV)

Cole claims that she was wrongfully discharged based on her age and disability. Cole's discriminatory discharge claims are governed by the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Royster v. Gahler*, 154 F. Supp. 3d 206, 232 (D. Md. 2015); *Webster v. Henderson*, 32 F. App'x 36, 40–41 (4th Cir. 2002). To establish a *prima facie* case of discrimination, a plaintiff must show (1) that the plaintiff was a member of the relevant protected group; (2) that she suffered an adverse employment action; (3) that at the time of the adverse employment action, the plaintiff was meeting her employer's legitimate

expectations; and (4) that the circumstances of her discharge raise a reasonable inference of unlawful discrimination. *See Young v. Giant Food Stores, LLC*, 108 F. Supp. 3d 301, 318 (D. Md. 2015); *Connor v. Giant Food, Inc.*, 187 F. Supp. 2d 494, 495 (D. Md. 2002). If Cole establishes a *prima facie* case of discrimination, Family Dollar must offer a legitimate, non-discriminatory reason for her discharge. *See Guessous v. Fairview Property Investments, LLC*, 828 F.3d 208, 216–17 (4th Cir. 2016); *Royster*, 154 F. Supp. 3d at 232. In the event that Family Dollar offers such a reason, Cole must then point to evidence sufficient to give rise to a genuine dispute as to whether Family Dollar's proffered reason is pretext for discrimination. *See Guessous*, 828 F.3d at 216–17.

Viewing the record most favorably to Cole, no rational fact-finder could conclude that she was fired because of her age or disability. Rather, the evidence demonstrates that she was terminated for repeatedly violating Family Dollar's attendance policy. When Cole returned to work after her hospitalization and after Thompson had been assigned as store manager,[3] Cole accrued six unexcused absences in the two months immediately preceding her termination by Family Dollar. ECF No. 44-6 at 3 (Neely Aff. ¶ 5). It is well-established that employers may fire at-will employees who violate the employer's attendance policy. *See Ford v. Berry Plastics Corp.*, Civil Action No. RDB-12-0977, 2013 WL 5442355, at *11 (D. Md. Sept. 27, 2013); *see also Brantley v. Nationwide Mut. Ins. Co.*, No. RDB-07-1322, 2008 WL 2900953, at *11 (D. Md. July 22, 2008) ("Noncompliance with company policy is a legitimate, nondiscriminatory reason for firing someone."); *Gibson v. Marjack Co., Inc.*, 718 F. Supp. 2d 649, 656 (D. Md.

---

[3] The Court notes Family Dollar's contention that Family Dollar has no records granting Cole a leave of absence for her stay in the hospital. ECF No. 44-1 at 5–6. However, for the purposes of this discussion, the Court discusses only Cole's absences from the time she returned from the hospital and started working under Thompson's management.

2011) ("Violation of company policy has been recognized as a legitimate reason for terminating an employee.").

Thompson and Walker both testified that Cole was fired for excessive absences. ECF No. 44-3 at 3 (Thompson-Sanders Dep. 25:3–9); ECF No. 44-5 at 3 (Walker Dep. 151:3–10). The Court finds no evidence in the record to undercut this testimony or to indicate that Cole's firing had anything to do with her age or disability. "When an employer gives a legitimate, non-discriminatory reason for discharging the plaintiff, it is not [the Court's] province to decide whether the reason was wise, fair, or even correct, ultimately, so long as it truly was the reason for the plaintiff's termination." *Hawkins v. Pepsico, Inc.*, 203 F. 3d 274, 279 (4th Cir. 2000) (quoting *DeJarnette v. Corning Inc.*, 133 F.3d 293, 299 (4th Cir. 1998) (internal quotation marks omitted).[4] Accordingly, Family Dollar is entitled to summary judgment on Counts II and IV.

### 3. ADA Claim—Failure to Accommodate (Count III)

Cole additionally claims that Family Dollar violated the ADA by failing to accommodate her disability when it counted her absences during her hospitalization in November 2012 as unexcused, and then firing her for those absences. To sustain this claim, Cole must demonstrate that (1) Cole is a qualified individual with a disability; (2) her employer had notice of her disability; (3) with a reasonable accommodation she could perform the essential functions of her position; and (4) her employer refused to make that accommodation. *Fierce v. Burwell*, 101 F. Supp. 3d 543, 549 (D. Md. 2015). "Implicit in the fourth element is the ADA requirement that the employer and employee engage in an interactive process to identify a reasonable accommodation." *Haneke v. Mid-Atl. Capital Mgmt.*, 131 F. App'x 399, 400 (4th Cir. 2005); *see*

---

[4] Cole points to Family Dollar hiring a new, younger employee as evidence of discriminatory animus. But the Court cannot credit the inference of animus as plausible. Cole was still being assigned hours and called to fill-in for absent employees in the weeks between her hospitalization and her firing. *See* ECF No. 45 at 32–33, 37 (Cole Dep. 174:13–175:22, 180:1–10); ECF No. 44-1 at 115–137. Cole's claim that Thompson made disparaging remarks alone does not suffice. *See Arthur v. Pet Dairy*, 593 F. App'x 211, 220–22 (4th Cir. 2015).

*Wilson v. Dollar Gen. Corp.*, 717 F.3d 337, 346 (4th Cir. 2013). "The duty to engage in an interactive process to identify a reasonable accommodation is generally triggered when an employee communicates to [her] employer [her] disability and [her] desire for an accommodation for that disability." *Wilson*, 717 F.3d at 346–47.

Cole contends that, during her communications with the unnamed Family Dollar store manager, she made known that she needed to be hospitalized, and thus Family Dollar was obligated to provide reasonable accommodations for her disability. According to Cole, she provided paperwork to document her illness, and the store manager agreed to medical leave. ECF No. 52-1 at 4 ¶ 5. Cole fails to provide any corroboration that she made Family Dollar aware of her disability.[5] That said, it appears from the record that Family Dollar effectively granted Cole an accommodation in November, counting her absences as "unexcused" but not "unscheduled" in its records. ECF No. 52 at 27; *see* ECF No. 52-2 at 119. Regardless, Cole was allowed to return to work after her absences in November, and later was terminated for additional, subsequent absences. *See* ECF No. 44-6 at 3 (Neely Aff. ¶ 5); ECF No. 52-2 at 119. Because Cole was not denied a reasonable accommodation for her disability, summary judgment as to Count III of Cole's Amended Complaint is appropriate.

**C. Retaliation Claim (Count I)**

Cole also claims that her hours were cut and she was fired in retaliation for complaining of age discrimination in violation of the ADEA. ECF No. 17 at ¶¶ 18–19. The retaliation claim is subject to the same burden-shifting framework as the discriminatory discharge claims. *See Strothers v. City of Laurel*, 895 F.3d 317, 327 (4th Cir. 2018); *see also Ullrich v. CEXEC, Inc.*, 233 F. Supp. 3d 515, 524, 533–34 (E.D. Va. 2017); *Staley v. Gruenberg*, 575 F. App'x 153, 155

---

[5] The Court notes Family Dollar's policy that a leave of absence like the one Cole supposedly requested cannot be approved by a store manager but rather it must be approved by Family Dollar's Corporate Human Resources Department. ECF No. 44-6 at 3 (Neely Aff. ¶ 4).

(4th Cir. 2014). To establish a *prima facie* case of retaliation, a plaintiff must demonstrate that (1) she engaged in protected activity; (2) the defendant took an adverse action against her, and (3) a causal link exists between the two actions. *See Strothers*, 895 F.3d at 327; *Royster*, 154 F. Supp. 3d at 234.

Viewing the evidence most favorably to Cole, Cole cannot demonstrate that Family Dollar retaliated against her after she complained. After Cole met with Walker and Thompson, Thompson continued to schedule Cole for shifts, including asking Cole to fill in for other employees. Cole met with Walker and Thompson in early January of 2013. ECF No. 56-1 at 12 (Cole Dep. 173:3–5). In the last week of December and first week of January, Cole worked 14.22 hours. ECF No. 56-1 at 12 (Cole Dep. 173:9–14). Between January 6, 2013, and January 12, 2013, Cole worked 12.92 hours. ECF No. 56-1 at 13 (Cole Dep. 174:16–22). The following week she worked 8.68 hours, ECF No. 56-1 at 15 (Cole Dep. 175:13–15), and missed two scheduled shifts totaling 11 hours. Had Cole worked those shifts, she would have worked more hours than she had in the preceding weeks. The record does not support that Cole's hours were cut after her meeting with Walker and Thompson.

As to a retaliation claim based on her termination, Cole has not rebutted Family Dollar's evidence that she was fired for absenteeism. Cole was absent from work six times over two months without justification or proper notice. This provides Family Dollar an uncontroverted legitimate and nonpretextual reason to terminate Cole's employment. Further, no evidence supports Cole's conspiracy theory that Walker and Thompson concocted a plan to fire Cole after she complained. ECF No. 52 at 24; *see Othentec Ltd.*, 526 F.3d at 140. Accordingly, summary judgment as to Count I is granted in Family Dollar's favor.

## IV. CONCLUSION

Based on the forgoing, Family Dollar's Motion for Summary Judgment is GRANTED.

A separate Order follows.

8/10/2018                                                       /S/
Date                                                     Paula Xinis
                                                         United States District Judge